**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

SHAWN BROUSSARD                          CIVIL ACTION

VERSUS                                   NO. 03-2875

CHESTER KOWALSKI, ET AL.                 SECTION B(5)


**ORDER AND REASONS**

Before the Court are Defendants Dillard Department Stores, Inc. ("Dillard") and Brian Jacobs' ("Jacobs") Renewed Motion For Summary Judgment (Rec. Doc. No. 81)[1] and Defendants Sheriff Harry Lee, Deputy Chester Kowalski, Deputy Jason Picou, and Deputy Lloyd Robichaux's (collectively "Lee Defendants") Motion For Summary Judgment (Rec. Doc. No. 80). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants Dillard and Jacobs' Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Dillard and Jacobs' motion for attorneys fees is **DENIED**.

**IT IS FURTHER ORDERED** that Lee Defendants' Motion for Summary Judgment is **GRANTED**.

---

[1]    On July 29, 2005, the Court granted Plaintiff's motion to stay proceedings pursuant to the Servicemembers Civil Relief Act prior to ruling on Defendants Dillard and Jacobs' motion for summary judgment. (Rec. Doc. No. 31)  On January 22, 2007, the Court reopened this case on Plaintiff's motion.  Defendants Dillard and Jacobs renew their original motion for summary judgment.  (Rec. Doc. No. 81).

## *BACKGROUND*

On November 2, 2002, Plaintiff, an African-American female, was arrested in Dillard's Department Store by two uniformed Jefferson Parish Sheriff's Deputies who were working a private detail.  Deputies Chester Kowalski ("Kowalski") and Jason Picou ("Picou") were investigating a suspected shoplifter when Plaintiff interfered.[2]  Kowalski arrested and handcuffed Plaintiff for interfering with an investigation.  Kowalski led Plaintiff into an interview room within the store.  Although parties dispute what occurred in said room,[3]  it is undisputed that Plaintiff kneed Kowalski in the groin and kicked him.[4]  Shortly thereafter, Brian Jacobs ("Jacobs"), a former Dillard employee,[5] entered the room and physically restrained Plaintiff.  Deputy Lloyd Robichaux ("Robichaux") transported Plaintiff to jail.  Plaintiff allegedly informed Kowalski and Robichaux that her handcuffs were too tight and requested that they be loosened.  Neither Kowalski nor Robichaux loosened Plaintiff's handcuffs.  Plaintiff further alleges while being transported to jail, Robichaux pulled his vehicle over and tightened Plaintiff's handcuffs.  Plaintiff was

---

[2]Transcript of Criminal Trial,  pp.270-71.

[3]Plaintiff alleges Deputy Kowalski forcefully threw Plaintiff against the wall and pressed his forearm against Plaintiff's neck. *Plaintiff's Original Complaint*, ¶ 16.

[4]Transcript of Criminal Trial,  pp.271-73.

[5]Dillard employed Brian Jacobs as a camera operator and loss prevention agent.

convicted of interfering with a police officer and battery on a police officer.[6]

Plaintiff filed a civil complaint against Jefferson Parish Police Deputies Kowalski, Picou, and Robichaux, Sheriff of Jefferson Parish Harry Lee, Jacobs, Dillard, ABC Insurance Company, and Jefferson Parish.[7] Plaintiff asserted claims under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, and 1988 for alleged race discrimination and constitutional rights deprivation. Plaintiff further asserted claims of assault and battery, intentional infliction of emotional distress, respondeat superior, negligence, malicious abuse of process, false arrest, false imprisonment, malicious prosecution, invasion of privacy and excessive force during an arrest.

Defendants Dillard and Jacobs contend Plaintiff initiated all events on November 2, 2002 which lead to her conviction of interference with a police investigation and battery on a police officer and, therefore, Plaintiff's claims are barred by the *Heck* doctrine. Defendants Dillard and Jacobs further contend Plaintiff cannot satisfy her prima facie burden to establish claims of race

---

[6]Transcript of Criminal Trial, pp.274-75. Plaintiff sought relief from her convictions and filed writ applications with the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. Plaintiff's writ applications were denied. Subsequently, Plaintiff filed a petition for writ of certiorari with the Unites States Supreme Court. The United States Supreme Court denied Plaintiff's petition.

[7]*See* Plaintiff's Original Complaint and Plaintiff's Second Supplemental And Amending Petition.

discrimination or constitutional rights deprivation under 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988, intentional infliction of emotional distress, or assault and battery.  Therefore, Defendants Dillard and Jacobs move the Court for summary judgment and further move the Court to award attorneys fees pursuant to 42 U.S.C. § 1988(b).

Lee Defendants contend the *Heck* doctrine precludes Plaintiff's § 1983 claims of false arrest and excessive force and Plaintiff's state law claims.  Therefore, Lee defendants move the Court to dismiss Plaintiff's claims on summary judgment.

Plaintiff contends the *Heck* doctrine does not automatically bar Plaintiff's claims.  Plaintiff further contends Plaintiff can establish prima facie cases for the claims asserted.  Therefore, Plaintiff contends Defendants Dillard and Jacobs are not entitled to summary judgment or attorneys fees pursuant to 42 U.S.C. § 1988(b) and further contends Lee Defendants are not entitled to summary judgment.

### *DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986).  A genuine

4

issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. *Analysis Of Plaintiff's Claims***

    **1. Statutory Civil Rights Claims**

Plaintiff claims she was unreasonably detained, falsely arrested and a victim of excessive force by Defendants, *inter alia* because of her race in violation of Plaintiff's civil rights. Therefore, Plaintiff contends she is entitled to relief under 42 U.S.C. §§ 1981 and/or 1983.

    **a. 42 U.S.C. § 1981**

"To establish a claim under § 1981, a plaintiff must allege facts in support of the following: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; (3) the discrimination concerns one or more

of the activities enumerated in the statute." *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994)(citation omitted). The "enumerated activity" in a department store context is the right to make or enforce a contract to purchase or return merchandise. *Hickerson v. Macy's Dept. Store*, 1999 WL 144461 (E.D.La. 1999)(citations omitted). "[T]here is no generalized right under section 1981 to have access to opportunities to make prospective contracts." *Id*. Furthermore, Plaintiff's allegations of a generalized intent to purchase without evidence that Plaintiff specifically intended to purchase a particular item are insufficient to establish a prima facie case under § 1981. *Id*.

Plaintiff cannot establish a prima facie case under § 1981. Plaintiff is African-American and is, therefore, a member of a racial minority. However, Plaintiff was tried and convicted for interfering with a police investigation and battery on a police officer. Therefore, under *Heck*, Plaintiff cannot satisfy the second element requiring facts in support of Plaintiff's allegations that the arrest and related conduct were based on Defendants' intent to racially discriminate.[8]  Furthermore, Plaintiff cannot establish that Defendants' alleged discrimination concerned the making or enforcement of a contract. Plaintiff was

---

[8]Plaintiff cannot succeed in establishing Defendants' intent to racially discriminate without proving the unlawfulness of her conviction. Therefore, recovery under § 1981 is barred. See *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) and *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996).

allegedly in Dillard's men's department to purchase a gift for her uncle.  Plaintiff's generalized intent fails to satisfy the third element.  Therefore,

**IT IS ORDERED** that Defendants Dillard and Jacobs' Motion for Summary Judgment is **GRANTED** as to Plaintiff's civil rights claim under 42 U.S.C. § 1981.

### b.   42 U.S.C. § 1983

To succeed on a claim under 42 U.S.C. § 1983, Plaintiff must establish that Defendants deprived Plaintiff of constitutional rights and the conduct forming "the basis of the alleged constitutional deprivation must constitute state action under color of law." *Morris v. Dillard Dept. Store, Inc.*, 277 F.3d 743, 747 (5th Cir. 2001).  "[A] merchant is not a state actor unless the conduct on the part of the guard or officer giving rise to the claimed deprivation occurred based solely on designation of suspicion by the merchant and was not accompanied by any independent investigation by the officer." *Id.* at 749.

Plaintiff cannot establish a prima facie case under § 1983 against Dillard and Jacobs.  Deputy Kowalski arrested Plaintiff for interfering with an investigation and battery on an officer without designation of suspicion by Dillard or Jacobs.  Therefore, Dillard and Jacobs were not acting under color of law and are not liable under § 1983.  Moreover, *Heck* would ban relief even if § 1983 was applied to these Defendants.

**IT IS ORDERED** that Defendants Dillard and Jacobs' motion for

summary judgment is **GRANTED** as to Plaintiff's civil rights claim under 42 U.S.C. § 1983.

Lee Defendants do not dispute that they were acting under color of law. However, Lee Defendants contend Plaintiff's § 1983 claims are precluded under the *Heck* doctrine.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), the United States Supreme Court held that "§ 1983 damages actions necessarily requir[ing] the plaintiff to prove the unlawfulness of his conviction or confinement" are precluded. The Fifth Circuit applied the *Heck* doctrine in *Hudson v. Hughes*, 98 F.3d 868 (5th Cir. 1996) and dismissed Plaintiff's § 1983 claim for excessive force. The Fifth Circuit reasoned that the question of whether police officers used excessive force would depend on the degree of Plaintiff's resistance and whether Plaintiff's resistance was justified. *Id*. at 873. Therefore, Plaintiff's resistance and basis for conviction of assaulting a police officer would be called into question. *Id*.

Here, Plaintiff's claims of false arrest and imprisonment are necessarily precluded by Plaintiff's convictions. However, Plaintiff's claims of excessive force are not necessarily precluded by *Heck*. Plaintiff's allegations fall into two categories, excessive force before and after the battery on Kowalski. Plaintiff's claims of excessive force before the battery on an officer is necessarily precluded by *Heck* as any justification defense to battery of an officer, including self defense, was

considered and rejected by the court that convicted Plaintiff. Plaintiff further alleges that Kowalski and Robichaux used excessive force beyond what was reasonably necessary after the battery when they tightened Plaintiff's handcuffs while transporting Plaintiff to jail after Plaintiff complained that the handcuffs were too tight.[9]  Said allegation is not contemporaneous with the basis for Plaintiff's conviction.  The Court would be hard pressed to interpret *Heck* and *Hudson* as allowing excess force, possibly punitive in nature, after the occurrence of the crime for which Plaintiff was convicted.

However, to sustain a § 1983 excessive force claim the injury must be more than *de minimus*.[10]  The Fifth Circuit has held that "handcuffing too tightly, without more, does not amount to excessive force."[11]

Finding Plaintiff's only viable claim arises out of handcuffing too tightly, and further finding a claim of handcuffing too tightly does not meet the *de minimus* injury requirement necessary to establish a § 1983 excessive force claim,

**IT IS FURTHER ORDERED** that Lee Defendants' motion for summary judgment is **GRANTED.**

---

[9]The Court further notes that Plaintiff was aquitted on the charge of resisting arrest.

[10]*Tarver v. City of Edna,* 410 F.3d 745, 752 (5th Cir. 2005) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)).

[11]*Id.* (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001)).

**2.    Conspiracy Claim Against Brian Jacobs**

Plaintiff asserted a claim under 42 U.S.C. § 1985(3) alleging Defendants Kowalski, Picou, Robichaux, and Jacobs conspired to violate Plaintiff's statutory civil rights in violation of 42 U.S.C. § 1983.  "To state a claim under § 1985, [Plaintiff] must allege that two or more persons conspired to directly, or indirectly, deprive him of the equal protection of the laws or equal privileges and immunities under the laws." *Green v. State Bar of Texas*, 27 F.3d 1083, 1089 (5th Cir. 1994).

As discussed above, Jacobs is not a state actor and is not liable to Plaintiff under 42 U.S.C. § 1983. Furthermore, the Court finds Plaintiff failed to allege facts suggesting an agreement between the parties to deprive Plaintiff of equal protection or privileges.  Therefore, the Court finds Plaintiff failed to state a claim against Jacobs under 42 U.S.C. § 1985(3).

**IT IS ORDERED** that Defendants Dillard and Jacobs motion for summary judgment is **GRANTED** as to Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3).

**IT IS FURTHER ORDERED** that Lee Defendants' motion for summary judgment  is **GRANTED** as to Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3).

**3.    Intentional Infliction Of Emotional Distress**

Plaintiff asserted a claim of intentional infliction of emotional distress against Jacobs.  To succeed on a claim for intentional infliction of emotional distress, Plaintiff must

10

establish three elements: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that such distress would be substantially certain to result from the conduct." *Morris v. Dillard Dept. Store*, 277 F.3d 743, 756 (5th Cir. 2001).

Plaintiff failed to submit evidence of severe emotional distress and cannot defeat a motion for summary judgment with conclusory rebuttals.[12] Finding Plaintiff failed to establish a claim of intentional infliction of emotional distress,

**IT IS ORDERED** that Defendants Dillard and Jacobs' motion for summary judgment is **GRANTED** as to Plaintiff's intentional infliction of emotional distress claim.

**IT IS FURTHER ORDERED** that Lee Defendants motion for summary judgment is **GRANTED** as to Plaintiff's intentional infliction of emotional distress claim.

### 4. Assault And Battery Claims

Plaintiff claims Jacobs is liable for assaulting and battering Plaintiff without justification or provocation. Louisiana law provides that there is no civil liability for conduct which would otherwise be a battery when such conduct is justified as defense of others. *Duplechain v. Turner*, 444 So.2d 1322, 1325 (La.App. 4 Cir. 1984). "[T]o justify the battery, the force or violence must be

---

[12]*Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

reasonable and apparently necessary to prevent the offense." *Id.*

Plaintiff's own state trial court testimony refutes claims of assault and battery against Jacobs.  Plaintiff testified in the state criminal trial that Jacobs saw her putting her leg down after striking Kowalski and, in response, Jacobs put his weight on Broussard to subdue her.[13]  Plaintiff denies that Jacobs told her anything and further denies Jacob used a choke hold on her.[14] According to Plaintiff's testimony, all Jacobs did was put his weight on Plaintiff while she was in a chair to prevent further violence between Plaintiff and Kowalski.  Based on the evidence and factual findings of the state trial court, the combating duo here was Plaintiff and Kowalski.  Accordingly,

**IT IS ORDERED** that Defendants Dillard and Jacobs' motion for summary judgment is **GRANTED** as to Plaintiff's claim of assault and battery.

### 5.   Respondeat Superior Claim

Plaintiff claims Jacobs was acting in the course and scope of his employment and, therefore, Dillard is liable for Jacobs' actions under the doctrine of respondeat superior.  Plaintiff's claims against Jacobs are dismissed on summary judgment for reasons cited *infra*.  Accordingly,

**IT IS ORDERED** that Defendants Dillard and Jacobs' motion for

---

[13]Transcript of Criminal Trial, p. 216

[14]*Id.*

summary judgment relative to respondeat superior is **DISMISSED as moot** in view of above findings.

### 6.    Attorneys Fees

Defendants Dillard and Jacobs seek attorneys fees under 42 U.S.C. § 1988(b) which provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983, 1985, and 1986 of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . .

Finding the basis for Plaintiff's claims objectively reasonable,

**IT IS ORDERED** that Defendants Dillard and Jacobs motion for attorneys fees is **DENIED.**

While Plaintiff's federal claims have been resolved by this opinion, her state based claims for negligence arising from overly tight handcuffing survive.  To that extent, she is not precluded from asserting those claims in state court against the Sheriff Office Defendants.

New Orleans, Louisiana this 15th day of May, 2007.

UNITED STATES DISTRICT JUDGE